RIGGS, ET AL. v. THE BANK OF THE STATE.

1. The statute having prescribed the term to which a writ of error shall be returned, the writ will not be dismissed, or an affirmance of judgment denied, because it is, upon its face, made returnable to a day after the court commences its session.
2. The time when a writ of error is returnable need not be recited in a bond conditioned for its successful prosecution, and if recited, is not an essential part of the obligor's contract; so, that if the writ be such as to authorize a judgment of affirmance against the plaintiff in error it may be rendered against his sureties also.

THE defendant moved the affirmance of a judgment which it had recovered against the plaintiffs, in the circuit court of Tuscaloosa, and produced a certificate in the form required by the statute, save only that it stated, the writ of error was returnable "on the first Monday in January next," succeeding the day when it was sued out. The writ was applied for and obtained, as the certificate recites, on the 3d day of July, 1846.

B. F. PORTER, for the motion, cited Clay's Dig. 308, § 13; Minor's Rep. 183; 4 Porter's Rep. 414.

B. W. HUNTINGTON and E. W. PECK, contra, cited 3 Stew. Rep. 331; 8 Ala. R. 490.

COLLIER, C. J.—The statute prescribes the term of the court to which writs of error are returnable, and it is not necessary that the writ should express any time for its return; for thought it be silent in this respect, it will effect the same legal purpose, as if it stated the term truly. If it states a term when no court is holden, the mistake cannot affect its validity; but will be treated as a matter altogether superfluous, and will be controlled and corrected by the statute. This was the view taken of the law, even previous to the

statute which authorizes the amendment of writs of error. [8 Porter's Rep, 53, 452.]

If the plaintiff in error had filed the writ with the transcript, the cases cited show that it would not have been dismissed; but the court would have taken jurisdiction of the cause in despite of an objection by the defendant. We cannot think that the omission of the plaintiffs to prosecute their writ of error places the defendant in a condition that it cannot have an affirmance, when it was sufficient to have authorized a revision of the case, if the plaintiffs had elected to prosecute it.

In respect to the bond, the recital in the condition of the time when the writ of error was returnable, is not an essential part of the obligor's contract—it might with perfect propriety have been omitted, without limiting to any extent the scope of their undertaking. The liability of the surety depends upon the fact, whether the plaintiffs in error prosecute their writ of error with effect, as the law prescribes —and it is for this they stipulate. For this the bond explicitly provides, and it cannot be vitiated by an immaterial recital.

The motion for an affirmance is therefore granted.